IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONTAY LAVARICE REESE,

                Plaintiff,

  v.

SHERIFF DUANE M WALDERA, *et al.*,

                Defendants.

OPINION and ORDER

23-cv-449-wmc

---

      Plaintiff Dontay Lavarice Reese is proceeding with claims against several Jackson County Sheriff's Office deputies she alleges used excessive force on her and subjected her to unsanitary conditions at the Jackson County Jail. Dkt. 16. Plaintiff has yet to identify the deputy Doe defendants allegedly involved in the September 3, 2021 use-of-force incident in question. In light of plaintiff's unrepresented status, the court struck the case schedule and extended plaintiff's deadline to file an amended complaint naming the Doe defendants. Dkt. 59. Plaintiff filed a motion to compel discovery instead and requests a second extension of her deadline to file an amended complaint. Dkt. 62. For the reasons below, the motion is GRANTED in part.

LEGAL STANDARD

      "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely

benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

## ANALYSIS

Plaintiff moves to compel defendants to provide the names of the Doe defendants and responses to her requests for admissions and interrogatories. Dkt. 62 at 1. Defendants assert that plaintiff has never served written interrogatories on them. Dkt. 65, ¶ 11. Plaintiff filed interrogatories and a letter request for discovery with the court in October 2024, Dkts. 49 & 51, and the court sent plaintiff notice that discovery requests must be sent directly to defense counsel, Dkt. 50. Because discovery is exchanged between the parties, defendants are not required to respond to discovery requests filed only with the court. *See* Dkt. 33 at 13 (explaining that the court does not want the parties to file their discovery material with the court).[1] When the court resets the case schedule, plaintiff will need to send her interrogatories and any other remaining discovery requests directly to defense counsel for a response.[2]

---

[1] Plaintiff filed a motion to compel document production on September 3, 2024. Dkt. 42. The motion was denied because plaintiff did not include a certificate of conference showing that she had met and conferred with defendants before seeking court intervention. Dkt. 46. In her present motion, plaintiff asserts that she tried to meet and confer with defendants but is unable to show proof of her efforts because her property has been "misplaced" at her current institution. Dkt. 62 at 1. Defendants submitted a December 2024 letter from plaintiff noting that defendants had not provided responses or Doe identification information, Dkt. 65-9, so the court will credit plaintiff's assertions.

[2] The case schedule has been struck pending identification of the Doe defendants. Dkt. 59. The court will reset the case schedule including a new discovery cutoff deadline at a telephonic status conference to be scheduled after plaintiff has had an opportunity to file an amended complaint identifying the Does. Until then, plaintiff should focus on identifying the Does from existing discovery.

As for plaintiff's requests for admissions and efforts to identify the Does, defendants assert they received and responded to the following discovery requests:

- Plaintiff's August 18, 2024 requests for production;
- Plaintiff's August 29, 2024 requests for production;
- Plaintiff's October 2, 2024 requests for admissions; and
- Plaintiff's October 18, 2024 requests for admissions.

Dkt. 65. Defendants' responses indicate that there is no video or audio available relevant to the allegations, Dkt. 65-2 at 1, and, subject to objections, that they produced plaintiff's grievances filed while she was at the jail, *id.* at 2, PREA complaint documents, Dkt. 65-4 at 2, and all jail incident reports concerning plaintiff, Dkt. 65-2 at 3. Defendants also responded to plaintiff's two sets of requests for admissions, Dkts. 65-6 & 65-11, and have amended those responses once, Dkt. 65-12. Plaintiff does not explain how defendants' responses and the documents defendants have already produced, including the jail incident reports and grievances, which presumably contain the names of the officers involved in the use-of-force incident underlying this case, are insufficient to allow her to identify the Doe defendants.[3]

Even so, the court will require defendants to supplement their response to plaintiff's August 18, 2024, request for production no. 3 that asks for the names of the Doe defendants. Dkt. 65-2 at 2. Defendants did not object to this request on the basis that they did not have the requested information, or that its production would be overly burdensome or

---

[3] It is unclear whether plaintiff is now missing previously-provided discovery because her property has been misplaced, but she should have received copies of defendants' discovery responses attached as exhibits in support of their brief in opposition. Dkt. 65. If, upon review of these responses, plaintiff believes she is now missing any other previously-produced documents, she may request copies from defense counsel.

3

disproportionate to the needs of the case. *See* Dkt. 65-2 at 2. Nor do they make such arguments now. *See* Dkt. 64. Rather, defendants stated in response to plaintiff's request that they are not required to create a list of those names and badge numbers in response to a document production request. Dkt. 65-2 at 2. Perhaps plaintiff should have made this request in the form of an interrogatory,[4] but in light of plaintiff's unrepresented status, the court will not require form over substance. This information is plainly relevant and proportional to the needs of the case and must be produced to ensure the just and speedy resolution of this matter. *See* Fed. R. Civ. P. 1. Accordingly, the court CONVERTS request for production no. 3 into an interrogatory and ORDERS defendants to respond within 10 days of this order. To avoid unfair prejudice, this interrogatory will count against the limit afforded plaintiff under Rule 33.

The court will extend plaintiff's deadline to file an amended complaint by 45 days to allow the parties to comply with this order. If plaintiff does not identify the Doe defendants by that deadline, the presiding judge is likely to dismiss the Doe defendants.[5] *See* Dkt. 61 (noting that plaintiff would proceed "only against the six named defendants who have filed an answer" if plaintiff failed to submit an amended complaint by the deadline).

---

[4] Defendants argue that they need not have responded to this request for production because plaintiff "presumably" made a similar request in the interrogatories improperly filed with the court. Dkt. 64 at 7. The court takes defendants to argue that they need not respond to duplicative discovery requests. But if that were the case, they should have responded to the earlier-issued request for production to lodge a duplication objection to the latter-issued interrogatory. In any event, defendants' presumption is easily checked by reviewing the filed interrogatories—and there appears to be no duplicated request on this issue. *See* Dkt. 49.

[5] As the court explained in the preliminary pretrial conference order, "[a]ll that plaintiff needs to do in this document is tell the court the actual identities of her Doe defendants. If there is more than one Doe, then plaintiff must be very clear as to which Doe is which named person. Plaintiff does not need to–in fact is not allowed to–make any other changes to her complaint without first asking for and receiving permission from the court." Dkt. 33 at 5.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to compel, Dkt. 62, is GRANTED in part as explained in this order.

2. Defendants are ORDERED to provide plaintiff the names of the deputies involved in her September 3, 2021 cell transfer by March 24, 2025.

3. Plaintiff must file an amended complaint naming the Doe defendants by April 28, 2025.  If plaintiff does not do so, the presiding judge is likely to dismiss the Doe defendants from this lawsuit.

Entered March 11, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge