IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

DONTAY LAVARICE REESE,

    Plaintiff,

v.

SHERIFF DUANE M. WALDERA,
CHIEF DEPUTY ADAM M. OLSON,
ADMINISTRATION KAYLAN RICH,
SGT. OATES DOE, SGT. JOHNSON LUCAS,
CORRECTIONS OFFICER BROWN DOE, and
DEPUTY DOES 1-5,

    Defendants.

OPINION AND ORDER

23-cv-449-wmc

_____

Plaintiff Dontay Lavarice Reese is currently a federal prisoner representing herself in this lawsuit.[1] On May 8, 2024, the court granted Reese leave to proceed with First and Eighth Amendment claims stemming from her confinement at the Jackson County Jail in Black River Falls, Wisconsin. (Dkt. #16.) On May 22, 2025, Reese filed a motion for leave to file an amended complaint beyond the deadline set in the court's scheduling order and for an extension of time to name additional defendants. (Dkt. #70.) On June 13, 2025, Reese filed yet another, untimely proposed amended complaint. (Dkt. #75.)

Defendants oppose any additional extension of time and have moved to strike both proposed amended complaints. (Dkt. ## 74, 76.) For reasons explained below, Reese's motions to amend and defendants' motion to strike the May 22, 2025, amended complaint

---

[1] Assigned to the male gender at birth, Reese now prefers she/her pronouns, so the court adopts those as well.

1

will be granted in part and denied in part. At the same time, Reese's motion for an extension of time to name other defendants will be denied, while defendants' motion to strike the June 13, 2025, amended complaint will be granted.

BACKGROUND

On July 6, 2023, Reese filed a complaint under 42 U.S.C. § 1983 while in custody at the Sherburn County Jail in Elk River, Minnesota. That complaint concerned the conditions of Reese's past confinement at the Jackson County Jail in 2021, where Reese was then in custody.[2] Specifically, Reese named as defendants the following officers and officials employed by the Jackson County Sheriff's Office: (1) Sheriff Duane M. Waldera; (2) Chief Deputy Adam M. Olson; (3) Administrative Coordinator Captain Kaylan Rich; (4) Sergeant Oats Doe; (5) Sergeant Johnson Lucas; and (6) Correctional Officer "Brown Doe." (Compl. (dkt. #1) ¶¶ 5-10.) Reese also named five Doe defendants ("Does 1-5"), who were identified generically as correctional officers or deputies. (*Id*. at ¶ 11.)

After screening the complaint as required by 28 U.S.C. § 1915A, the court granted Reese leave to proceed with a First Amendment, access-to-courts claim against Jackson County Sheriff Waldera and Eighth Amendment, conditions-of-confinement claims against Officer Brown Doe, Sergeant Lucas, Captain Rich, Chief Deputy Olson, and Sheriff Waldera concerning the. (Dkt. #16.) The court also granted Reese leave to proceed with a separate

---

[2] While Reese was convicted of a violent kidnapping and sentenced to 324 months' imprisonment in 2019 by United States District Court for the District of Minnesota, Case No. 18-cr-42-pjs-hb, https://pacer.uscourts.gov/ (last visited July 15, 2025), he spent time in these jails as the result of other criminal charges that were pending against him.

Eighth Amendment, excessive-force claims against Officer Brown Doe, Chief Deputy Olson, and Does 1-5, arising out of an incident that allegedly occurred on September 3, 2021. (*Id*.)

At a preliminary pretrial conference held by phone on August 5, 2024, U.S. Magistrate Judge Anita Marie Boor gave Reese information about how to identify the Doe defendants through discovery and specifically set forth all deadlines through trial, including establishing November 11, 2024, as the deadline for filing any amended complaint identifying those defendants. By this time in custody at the Federal Correctional Institution in Butner, South Carolina ("FCI-Butner"), Reese was also provided with a written preliminary pretrial conference order setting forth that same case schedule, as well as the court's preliminary pretrial packet, which contained additional information about the court's procedures. (Dkt. #33.)

Reese did not file an amended complaint identifying any of the Doe defendants by November 11, 2024, as directed. Instead, a month later, Reese filed a letter explaining that she had been moved to a different federal facility in Atlanta, Georgia, without her legal property and lacked envelopes, stamps, and access to the Federal Rules of Civil Procedure. (Dkt. #56.) On January 3, 2025, the court responded by extending the deadline for Reese to file an amended complaint naming the Doe defendants until February 3, 2025. (Dkt. #59.) In a separate order, the court also reminded Reese that the case would proceed with only the six named defendants if no amended complaint was filed by this deadline. (Dkt. #61.)

Unfortunately, Reese did not file an amended complaint identifying the Doe defendants by this extended February 3 deadline either. On February 14, 2025, Reese did file a motion to compel discovery from the defendants, explaining that she was now at the Federal Correctional Institution in Talladega, Alabama ("FCI-Talladega"), and officials there had again lost her legal property containing defendants' earlier discovery responses. (Dkt. #62.)

After a telephonic status conference, Judge Boor granted plaintiff's motion to compel in part, ordering defendants to identify the Doe defendants who were reportedly involved in a use-of-force incident during a cell extraction on September 3, 2021. (Dkt. #66.) Specifically, Judge Boor ordered defendants to provide Reese with this information by March 24, 2025, and gave Reese yet another extension until April 28, 2025, to file an amended complaint identifying the names of any Doe defendants. (*Id*.) Judge Boor further warned Reese again that if she failed to comply with this deadline, then the unnamed Doe defendants would likely be dismissed from the lawsuit. (*Id*.) Judge Boor also entered a separate, written scheduling order for the case, including revised deadlines for dispositive motions, a discovery cut-off, and a trial date. (Dkt. #67.)

Once again, Reese failed to file an amended complaint by the April 28 deadline, although on May 22, 2025, Reese submitted a motion to amend the complaint to name some of the Doe defendants while requesting an extension to name others at a later date. (Dkt. #70.) On June 13, 2025, plaintiff also purported to file an amended complaint naming the same Doe defendants as in her May 22 submission, along with requests to extend once again the deadline to add further defendants and claims.[3] (Dkt. #75.) Defendants have filed motions to strike both of plaintiff's latest submissions as untimely and for failure to comply with Federal Rule of Civil Procedure 8. (Dkt. #74, 76.)

---

[3] Neither the May 22 nor the June 13 submissions are complete, amended complaints. (Dkt. ##70, 75.) Rather, both submissions consist of less than three pages, at most, and contain no substantive claims for relief.

4

OPINION

With the court's leave, a party may generally amend a pleading; and the court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'" *Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) (quoting *Arreola v. Godinez*, 546 F.3d 788, 795 (7th Cir. 2008)). Moreover, where a party requests leave to amend after the deadline set in a scheduling order has already passed, Rule 16 comes into play. Specifically, under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."

Accordingly, where a party seeks leave to amend its complaint after the scheduling order's deadline for amending pleadings has passed, courts are entitled to apply a heightened, good-cause standard under Rule 16(b)(4) before considering whether an amendment is warranted under Rule 15(a)(2). *Bell v. Taylor*, 827 F.3d 699, 706 (7th Cir. 2016). "[A]mong the aims of Rule 16 are to prevent parties from delaying or procrastinating and to keep the case 'moving toward trial.'" *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) (citation omitted). Thus, "[i]n making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Id*. With this standard in mind, the court turns to plaintiff's most recent submissions.

I.   **The May 22nd Proposed Amended Complaint**

To begin, the amended complaint filed by plaintiff on May 22, 2025, names the following "new" defendants: (1) Officer Jacob Brown in place of defendant Brown Doe; (2) Sergeant Lucas Johnson in place of defendant "Johnson Lucas"; and (3) Sergeant Douglass

5

Oats in place of defendant Oats Doe. (Dkt. #70, at 1.) Each of these defendants were already identified -- more or less -- in the original complaint. (Dkt. #1, ¶¶ 5-10.) They were also previously served and have filed an answer. To the extent that plaintiff clarifies or corrects the names of these defendants, the motion to amend will be granted and defendants' motion to strike will be denied.

Plaintiff also lists two, additional officers as truly new defendants: (1) Officer Whitney Hart; and (2) Lieutenant Travis Brown. (Dkt. #70, at 1-2.) The record shows that plaintiff knew of these defendants when she filed this lawsuit in 2023, because both are mentioned in the body of the original complaint (Compl. (dkt. #1) ¶¶ 53, 55), but neither is named in the caption nor otherwise designated as defendants anywhere else in that pleading (*Id*. ¶¶ 5-11). *See* Fed. R. Civ. P. 10(a); *Myles v. United States*, 416 F.3d 551, 551 (7th Cir. 2005) ("[T]o make someone a party the plaintiff must specify him in the caption. "). Here, plaintiff's belated attempt to add Hart and Lieutenant Brown as defendants is not only untimely, but she offers no explanation for her repeated delays in naming either defendant.

As important, plaintiff provides no facts establishing the involvement of Officer Hart and Lieutenant Brown in the use of force that occurred on September 3, 2021, or any other constitutional violation for that matter. Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Further, under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice, so that both the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (internal quotation marks omitted). Because plaintiff has known the identity of Officer Hart and Lieutenant Brown for

6

years, but failed to add them as defendants or articulate claims against them in an amended complaint before the court's extended deadline, plaintiff's motion to add Officer Hart and Lieutenant Brown as defendants will be denied as egregiously untimely and defendants' motion to strike will be granted.

## II.   The June 13th Proposed Amended Complaint

Similar to the submission filed on May 22, 2025, plaintiff's second, proposed amended complaint filed on June 13, 2025, identifies existing defendants Lucas Johnson and Jacob Brown. (Dkt. #75, at 1-2.) Plaintiff also lists Lieutenant Brown and Officer Hart as proposed defendants, but once again offers no facts demonstrating their personal involvement in a viable claim. (Dkt. #75, at 1-2.) To the extent that plaintiff seeks leave to amend and add Officer Hart and Lieutenant Brown past the deadline, his motion must be denied as untimely and for failure to state a claim for reasons already discussed. Accordingly, defendants' motion to strike the June 13, 2025 proposed amended complaint will be granted.

## III.   Plaintiff's Separate Motions for an Extension of Time

In her May 22nd submission, plaintiff also states that there are three other, still unidentified deputies who were "at the scene" of the alleged use of force and an unspecified unsanitary condition of confinement. (Dkt. #70, at 1-2.) Plaintiff further states that there is a "Health physician" named "Patty," who did not medically assess plaintiff as required by "policy and procedure." (*Id*. at 2.) Similarly, in her June 13th submission, plaintiff represents that there are five more, unidentified defendants, including three "officer deputies" and two medical providers that have yet to be identified. (Dkt. #75, at 2.)

In a declaration from one of their defense counsel, defendants counter that they have responded to plaintiff's letters to identify officers involved in the cell transfer that occurred on September 3, 2021, as directed by Judge Boor previously, but have received no other, specific discovery requests from plaintiff requesting the names of additional officers or health care providers. (Brinsley Decl. (dkt. #73) ¶¶ 4-7; Ex. A, Dkt. #73-1.) While the court is keeping in mind that plaintiff has limited access to legal resources in representing herself, but this is true of every prisoner acting pro se, and standing alone, does not constitute good cause. *See McMasters v. United States*, 260 F.3d 814, 818 (7th Cir. 2001) ("The fact that [plaintiff] was proceeding pro se does not excuse her failure to comply with procedural rules."). Moreover, plaintiff's performance with respect to seeking additional discovery and timely amendments to her pleadings falls far below even minimum expectations. Because plaintiff has repeatedly failed to identify or state a claim against any remaining Doe defendants, those claims and Doe defendants will be dismissed from this case without prejudice.

ORDER

IT IS ORDERED THAT:

1) The motion to amend filed by plaintiff Dontay Lavarice Reese (Dkt. #70) is GRANTED in part and DENIED in part as set forth above. The clerk's office is directed to correct the caption to replace "defendant Brown Doe" with "Officer Jacob Brown"; defendant "Johnson Lucas" with "Sergeant Lucas Johnson"; and defendant "Oats Doe" with "Sergeant Douglass Oats."

2) Defendants' motion to strike the amended complaint filed on May 22, 2025 (Dkt. 74), is GRANTED in part and DENIED in part as set forth above.

3) Defendants' motion to strike the amended complaint filed on June 13, 2025 (Dkt. #76), is GRANTED.

4) Plaintiff's requests for an extension of time to name additional defendants (dkt. ##70, 75) are DENIED.

5) The claims against all other Doe defendants not yet identified are DISMISSED without prejudice.

Entered this 12th day of August, 2025.

                      BY THE COURT:

                      /s/

                      _____
                      WILLIAM M. CONLEY
                      District Judge