IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DONTAY LAVARICE REESE,

        Plaintiff,

  v.

SHERIFF DUANE M WALDERA, *et al.*,

        Defendants.

OPINION and ORDER

23-cv-449-wmc

---

Plaintiff Dontay Lavarice Reese, representing herself, is proceeding with claims against several Jackson County Sheriff's Office deputies she alleges used excessive force on her and subjected her to unsanitary conditions at the Jackson County Jail. Dkt. 16. This order addresses plaintiff's motion to compel defendants to respond to requests for admissions, Dkt. 99, and plaintiff's motion for sanctions, Dkt. 100. For the following reasons, the court DENIES both motions.

ANALYSIS

**A. Motion to compel, Dkt. 99.**

Plaintiff moves the court to compel defendants to respond to requests for admissions she says she mailed to defendants on September 1, 2025, and has filed with the court. Dkt. 99-1. Plaintiff contends that defendants' answers to her previous requests were incomplete and evasive, and these latest requests seek clarification and were drafted in response to defendants' objection to plaintiff's previous requests as compound questions.

The court will deny plaintiff's motion because she does not state that she has attempted to meet and confer with defendants about their alleged failure to respond to the September 1,

2025 requests.  As the court has already explained to plaintiff, *see* Dkt. 46, a prerequisite to filing a motion to compel discovery is "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure of discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  Plaintiff's motion, dated October 30, 2025, does not contain a certificate of conference as required by Rule 37(a)(1).

That said, plaintiff says she mailed these requests to defendants over two months ago without response, and her November 25, 2025 summary judgment response deadline is approaching.  The court has extended this deadline once already.  Dkt. 95.  In the interest of avoiding further delay in this 2023 case, the court will order defendants to submit a letter to the court by November 20, 2025 providing an update on their responses to plaintiff's most recent discovery requests.

## B.  Motion for sanctions, Dkt. 100

Plaintiff also seeks sanctions against defendants for their alleged failure to respond to a court order.  Specifically, on September 30, 2025, the court ordered defendants to (1) update plaintiff and the court by letter on whether certain jail surveillance materials ever existed and, if so, what happened to them and why; and (2) either produce the requested body-worn materials or provide an update in line with the letter ordered for the jail surveillance materials.  Dkt. 95.

Plaintiff claims that defendants never responded to this order, and objected to her amended complaint instead.  Defendants did file a motion to strike plaintiff's proposed amended complaint on September 19, 2025, Dkt. 92, and that motion is under advisement with the court.  But defendants also timely responded to the court's discovery order on October 28, 2025.  Dkt. 97 & Dkt. 98.  If plaintiff has yet to receive defendants' response, she can

order copies from the clerk's office.  Because there is no basis to sanction defendants, plaintiff's

motion must be denied.


ORDER

IT IS ORDERED that:

1.  Plaintiff Dontay Lavarice Reese's motion to compel, Dkt. 99, is DENIED.

2.  Defendants are ORDERED to update the court by letter as to their responses to plaintiff's September 1, 2025 discovery requests by November 20, 2025.

3.  Plaintiff's motion for sanctions, Dkt. 100, is DENIED.


Entered November 13, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge